UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

COSTUX CORP., d/b/a TRIAD BOATWORKS,

      Plaintiff,

v.

GEORGE T.J. WALKER,

      Defendant.

------------------------------------------------------------x

**04   10483 RGS**

CIVIL ACTION NO.
**IN ADMIRALTY**

MAGISTRATE JUDGE _Dein_

RECEIPT # _54429_
AMOUNT $ _150_
SUMMONS ISSUED _Yes_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _TOH_
DATE _3/10/04_

**COMPLAINT**

NOW COMES plaintiff, by and through its attorney, complaining of the above-named, and

allege as follows upon information and belief:

The Parties

1.  Plaintiff, COSTUX CORP., d/b/a TRIAD BOATWORKS (hereinafter referred to as

    "Triad"), is a corporation duly organized and existing under the laws of the

    Commonwealth of Massachusetts, with its principal place of business located at 4

    Fairhaven Road, Mattapoisett, Massachusetts. At all time material hereto, Triad did, and

    still does, business as a marine repair and storage facility and holds a valid maritime lien

    for "necessaries" upon the Motor Vessel MISS HARBOR FRONT (hereinafter referred to

    as "Vessel").

2.  Defendant, GEORGE T. J. WALKER, (hereinafter referred to as "Defendant"), is an

    individual who resides at 639 Point Road, Marion, Massachusetts. At all times material

    hereto, Defendant owned, and still owns, the Vessel.

## Jurisdiction

3.     This District Court has original jurisdiction under the provisions of Title 28, United States Code, section 1333 in that it is a civil action arising under Title 46, United State Code, Sections 31341, *et seq.,* more commonly referred to as the Federal Maritime Lien Act, and the general maritime law of the Untied States, and is otherwise an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## Factual Allegations

4.     In or about the summer of 2002, Defendant entered into an agreement with Triad whereby Triad agreed to perform work and furnish labor and materials to Defendant in connection with the restoration of the Vessel and Defendant agreed to compensate Triad for its services.

5.     Pursuant to said agreement, Defendant delivered possession of the Vessel to Triad, and the Vessel has been, and remains laid up at Triad's facility in Massachusetts.

6.     Pursuant to said agreement, Triad is acting as bailee of said Vessel, who warrants and has the legal duty to safely keep, care for, and redeliver the Vessel to Defendant and to preform its services as a bailee with reasonable care and in a non-negligent and workmanlike manner.

7.     Pursuant to said agreement, Triad did perform work and supply labor and materials to the Vessel for the account of Defendant.

8.     Defendant has neglected and refused to pay Triad's invoices for all work and storage performed since the Summer of 2002, including continuing storage charges

9.     Triad has performed all conditions on its part to be performed.

10.     By reason of the foregoing, Triad has sustained damages in the amount of $10,683.22, as

        nearly as the same can now be estimated, no part of which has been paid although duly

        demanded.

### First Cause of Action

### (Breach of Contract)

11.     Triad incorporates herein by reference the allegations contained in paragraphs 1 through

        10 above with the same force and effect as if set forth at length herein.

12.     By reason of the foregoing, Defendant has caused damage to Triad in an amount of

        $10,683.22, as nearly as can now be estimated.

### Second Cause of Action

### (Abandonment)

13.     Triad incorporates herein by reference the allegations contained in paragraphs 1 through

        10 above with the same force and effect as if set forth at length herein.

14.     Defendant and Triad have not spoken since December 2002, nor has Defendant attempted

        to reclaim possession of the Vessel.

15.     By reason of the foregoing, including the passage of time and Defendant's failure to

        reclaim possession of said Vessel, Defendant has, by implication, voluntarily relinquished

        all right, title, claim, and possession of the Vessel with the intention of terminating his

        ownership therein.

        WHEREFORE, Triad demands that this Honorable Court adjudge as follows:

                (i)     That judgment enter in its favor against said Defendant in the amount of

                        its liquidated damages, together with interest, costs, and reasonable

                        attorneys' fees;

-3-

(ii)    That Defendant has voluntarily relinquished all right, title, claim, and
possession of said Vessel with the intention of terminating his ownership
therein;

(iii)   That title to said Vessel may vest in Triad by operation of law and Triad
may thereafter appropriate same for its own use, including, but not limited
to, removing and disposing of same at its own expense; and

(iv)    That such other and further relief enter as this Honorable Court deems just
and proper.

Dated: March 9, 2004                COSTUX CORP., d/b/a TRIAD BOATWORKS,
                                    By its attorneys,


                                    _____
                                    Norman A. Peloquin, II (BBO No. 550872)
                                    NORMAN A. PELOQUIN, II P.C.
                                    The Morad Building, 460 County Street
                                    New Bedford, MA 02740
                                    Tel (508) 991 2300
                                    Fax (508) 991 8300