5/25/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
COSTUX CORP., d/b/a TRIAD BOATWORKS,　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　04-CV-10483(RGS)
SOUTHCOAST EXPRESS, INC.,　　　　　　　　　　:　　**IN ADMIRALTY**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendant.　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

NOW COMES plaintiff, by and through its attorney, complaining of the above-named defendant, alleges as follows upon information and belief:

### The Parties

1. Plaintiff, COSTUX CORP., d/b/a TRIAD BOATWORKS (hereinafter referred to as "Triad"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 4 Fairhaven Road, Mattapoisett, Massachusetts. At all time material hereto, Triad did, and still does, business as a marine repair and storage facility and holds a valid maritime lien for "necessaries" upon the Motor Vessel MISS HARBOR FRONT (hereinafter referred to as "Vessel").

2. Defendant, SOUTHCOAST EXPRESS, INC. (hereinafter referred to as "Southcoast"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 110 Middle Street, Fairhaven, Massachusetts. At all times material hereto, Defendant owned, and still owns, the Vessel.

## Jurisdiction

3. This District Court has original jurisdiction under the provisions of Title 28, United States Code, section 1333 in that it is a civil action arising under Title 46, United State Code, Sections 31341, *et seq.*, more commonly referred to as the Federal Maritime Lien Act, and the general maritime law of the Untied States, and is otherwise an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## Factual Allegations

4. In or about the summer of 2002, Defendant, by and through its President and Treasurer, George T.J. Walker, entered into an agreement with Triad whereby Triad agreed to perform work and furnish labor and materials to Defendant in connection with the restoration of the Vessel and Defendant agreed to compensate Triad for its services.

5. Pursuant to said agreement, Defendant delivered possession of the Vessel to Triad, and the Vessel has been, and remains laid up at Triad's facility in Massachusetts.

6. Pursuant to said agreement, Triad is acting as bailee of said Vessel, who warrants and has the legal duty to safely keep, care for, and redeliver the Vessel to Defendant and to preform its services as a bailee with reasonable care and in a non-negligent and workmanlike manner.

7. Pursuant to said agreement, Triad did perform work and supply labor and materials to the Vessel for the account of Defendant.

8. Defendant has neglected and refused to pay Triad's invoices for all work and storage performed since the Summer of 2002, including continuing storage charges

9. Triad has performed all conditions on its part to be performed.

10. By reason of the foregoing, Triad has sustained damages in the amount of $10,938.88, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

### First Cause of Action
(Breach of Contract)

11. Triad incorporates herein by reference the allegations contained in paragraphs 1 through 10 above with the same force and effect as if set forth at length herein.

12. By reason of the foregoing, Defendant has caused damage to Triad in an amount of $10,938.88, as nearly as can now be estimated.

### Second Cause of Action
(Abandonment)

13. Triad incorporates herein by reference the allegations contained in paragraphs 1 through 10 above with the same force and effect as if set forth at length herein.

14. Defendant and Triad have not spoken substantively since December 2002, nor has Defendant attempted to reclaim possession of the Vessel.

15. By reason of the foregoing, including the passage of time and Defendant's failure to reclaim possession of said Vessel, Defendant has, by implication, voluntarily relinquished all right, title, claim, and possession of the Vessel with the intention of terminating his ownership therein.

WHEREFORE, Triad demands that this Honorable Court adjudge as follows:

(i) That judgment enter in its favor against said Defendant in the amount of its liquidated damages, together with interest, costs, and reasonable attorneys' fees;

(ii)  That Defendant has voluntarily relinquished all right, title, claim, and possession of said Vessel with the intention of terminating his ownership therein;

(iii)  That title to said Vessel may vest in Triad by operation of law and Triad may thereafter appropriate same for its own use, including, but not limited to, removing and disposing of same at its own expense; and

(iv)  That such other and further relief enter as this Honorable Court deems just and proper.

Dated: May 20, 2004

COSTUX CORP., d/b/a TRIAD BOATWORKS,
By its attorneys,

_____
Norman A. Peloquin, II (BBO No. 550872)
NORMAN A. PELOQUIN, II P.C.
The Morad Building, 460 County Street
New Bedford, MA 02740
Tel (508) 991 2300
Fax (508) 991 8300