UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
                                            :

COSTUX CORP., d/b/a TRIAD BOATWORKS,  :
              Plaintiffs                      :
vs.                                              :        CIVIL ACTION NO. 03-10369 GAO
                                            :        **IN ADMIRALTY**
                                            :
SOUTHCOAST EXPRESS, INC.           :        **MEMORANDUM OF LAW**
                 Defendants        :        **IN SUPPORT OF**
                                            :        **PLAINTIFFS' MOTION**
---------------------------------------------------------------X  **TO STRIKE ANSWER**

       NOW COMES plaintiff, COSTUX CORP., d/b/a TRIAD BOATWORKS, and by and through its attorney, submits this memorandum of law in further support of their Motion to Strike the Answer of SouthCoast Express, Inc.

I. <u>Statement of Relevant Facts</u>

       On or about March 10, 2004, plaintiff commenced the instant action against George T.J. Walker of Marion Massachusetts for contractual damages in connection with the restoration of a certain recreational vessel known as "MISS HARBOR FRONT". In May of 2004, Mr. Walker informed the court and the undersigned that he did not own the vessel in question. On or about May 20, 2004, after due inquiry and review of the excise tax records for the Town of Fairhaven, Massachusetts, plaintiff amended its Complaint as a matter of course pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, thereby substituting Mr. Walker for his corporation, SouthCoast Express, Inc. Copies of a newly issued Summons and the First Amended Complaint were served upon defendant corporation on June 4, 2004.

       On June 24, 2004, SouthCoast Express, Inc., by and through its president, George T.J. Walker, without counsel, filed and served a copy of the Answer attached hereto and marked as **Exhibit A**.

-2-

II. Substantive Law

Local Rule 83.5.2(d) of the District Court states that "[t]he court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney." Local R. 83.5.2(d).

III  Legal Argument

Because a corporation is an artificial, legal entity, it can only act through its agents. Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir. 1983) (citation omitted). Although 28 U.S.C. §1654 (2003) provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...," it is well established that a corporation cannot proceed *pro se*, but must litigate through a duly licensed attorney. *Id*. (citations omitted); Local Rule 83.5.2(d).

This general rule is "venerable and widespread." *Id*. Some of the policy reasons for the requirement are stated as follows:

> **In summary, ... the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court.  The lay litigant frequently brings pleadings that are awkwardly drafted, motion that are inarticulately presented, and proceedings that are needlessly multiplicative.  In addition to lacking professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.**

*Id*.  (citations omitted).

In the case at bar, SouthCoast Express, Inc., by and through Mr. Walker, has attempted to answer the First Amended Complaint with a general denial of liability.  In addition to his general denial, Mr. Walker asserts a counterclaim for damages.  He also requests that this action be temporarily stayed.

With all due respect to Mr. Walker, he has been less than forthright with this Court regarding his corporate ownership of the vessel. The nature of his pleading and the manner in which he attempts to assert his company's defenses and claims makes it clear that he cannot adequately represent the interests of SouthCoast Express, Inc. without the aid of counsel.

IV. <u>Conclusion</u>

Based upon the foregoing, plaintiffs request that this Honorable Court strike the Answer of SouthCoast Express, dated June 24, 2004, and the defenses contained therein.

Dated: July 1, 2004

Respectfully submitted,

COSTUX CORP.,
d/b/a TRIAD BOATWORKS
By their attorney,
NORMAN A. PELOQUIN, II, P.C.

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. (508) 991-2300
Fax (508) 991-8300

<u>Certificate of Compliance</u>

I hereby certify that on the 1st day of July, 2004, that I conferred with George T.J. Walker, President of defendant corporation, prior to filing the instant motion in an attempt to resolve or narrow the issues presented herein in compliance with the provision of Local Rule 7.1.

/s/ Norman A. Peloquin, II
Attorney-at-Law

<u>Certificate of Service</u>

I hereby certify that on the 1st day of July, 2004, I served a true copy of the foregoing document upon counsel of record by first class mail, postage prepaid, to: George T.J. Walker, President, SouthCoast Express, Inc., 110 Middle Street, Fairhaven, MA 02719.

/s/ Norman A. Peloquin, II
Attorney-at-Law