Date:   June 24, 2004

## BY FACSIMILE TRANSMISSION (508)991-8300 And U.S. MAIL

Norman A. Peloquin, II, Esquire
460 County Street
New Bedford, MA  02740

RE:   Costux Corp., et al v. SouthCoast Express
      U.S. District Court, Civil Action 04-10483 RGS

Dear Attorney Peloquin,


I have received your amended summons delivered on June 4, 2004, making claims that SouthCoast Express has breached it's oral contract and abandoned its property, despite the fact SouthCoast Express had accepted responsibility for all work performed by Triad and continued to insure said vessel.

In my conversation with you on April 28, 2004 we discussed the outstanding invoices (SouthCoast accepted Triad's fine work to date) and the damage/vandalism that happened to our vessel while it was under the care, custody and control of Triad. We discussed the level of frustration with the lack of information. Furthermore, I renewed my request for a copy of the police report from Triad, as the Mattapoisett police would not release the report to others, and develop an estimate of the damage and missing property in an effort to gather all information necessary to resolve the matter. You gave me your undertaking that you would make inquiries and would call me back. This is what was agreed to and instead, that same day you filed this lawsuit without a telephone call.


Coincidentally, I received a summons to appear in Wareham District Court
as a witness in the Triad Boatyard vandalism trial. Triad presented to the court numerous documents including damage estimates and reports for our vessel. These documents had been prepared within days of the 2002 break in at the request of the police and, yet in almost two years, SouthCoast had not been provided with same. At the conclusion of the trial Peter Costa, President, Triad Boatyard, and I agreed to meet to resolve this matter. Peter Costa agreed to contact me to set up a time to meet the following week. As a courtesy, I contacted you with this development. You expressed your frustration for not being advised of the Wareham Court matter. It was unlike Peter Costa to schedule an appointment and I believe that you advised him not to attempt to settle the case. Instead, I received an amended complaint.

Finally, SouthCoast express remains willing to reach settlement. In order to expedite this process, I shall make myself available to meet with you and your client everyday next week (June 28th-July 2nd) between 9:00 am and 1:00 pm. Thank you in advance for your co-operation.

With respect to an answer to your compaint SouthCoast Express, Inc. asserts the following:

Factual Allegations

1 – 7 SouthCoast admits
    8    SouthCoast denies in part because plaintiff has failed to provide reports of damage sustained while under its care custody and control.
    9    SouthCoast denies that plaintiff performed all duties owed to defendant.
    10    SouthCoast can neither confirm nor deny any amount until plaintiff provides estimate for all damages

Breach of Contract
By reason of the foregoing, Plaintiff has caused damage to defendant in an amount that defendant is unable to calculate at this time.

Abandonment
Defendant has been in contact with Triad, including counsel, and has expressed a willingness to to resolve all issues and complete repairs. At all times, SouthCoast Express has registered and insured the vessel and has never , by implication, voluntarily relinquished all right, title, claim, and possession of the vessel.

Wherefore, SouthCoast requests that this Honourable Court adjudge as follows:
1) Stay all proceedings for a one month period to give SouthCoast Express and Triad the opportunity to resolve the amounts due and any set offs,
2) That such other and further enter as this Honourable Court deems just and proper.

SouthCoast Express,

*[signature]*

George Walker, President
SouthCoast Express
110 Middle Street
Fairhaven, MA 02719

Cc Peter Costa, Preident, Triad,
Clerk Tony Anastas